**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Ransom Efuetlancha,

Petitioner,

v.

David R. Rivas,

Respondent.

No. CV-26-02510-PHX-SHR (MTM)

**ORDER**

On April 10, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1). On September 30, 2026, Magistrate Judge Michael T. Morrissey issued a Report and Recommendation ("R&R") recommending the Court grant in part and deny in part Petitioner's Petition. (Doc. 16.) No objections have been filed.

If neither party objects to a magistrate judge's report and recommendation, the district court is not required to review the magistrate judge's decision under any specified standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (noting a district court need only review a magistrate judge's findings and recommendations *de novo* if objection is made). However, the statute for review of a magistrate judge's recommendation "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

In this case, the deadline for filing objections has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2) (providing fourteen days after service of the report and

recommendation to serve and file written objections). Although the R&R did not include notice of the procedure for filing objections, the Court has independently reviewed the record and the R&R de novo. *See Thomas*, 474 U.S. at 154. Based on that review, the Court agrees with the R&R's conclusion Petitioner's detention is governed by 8 U.S.C. § 1226(a) and he is entitled to a bond hearing. (Doc. 9-2 at 2.)

As to Petitioner's pending Motion for Appointment of Counsel (Doc. 17), the Court will deny the Motion. Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for a financially eligible habeas petitioner when the interests of justice so require. In determining whether appointment is warranted, the Court considers the petitioner's likelihood of success on the merits and ability to articulate his claims without counsel in light of the complexity of the legal issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Petitioner has established entitlement to a bond hearing, and his filings have adequately presented his detention challenge for resolution on the existing record. Having considered his stated language limitations and lack of legal training, the Court concludes appointment of counsel is not necessary to resolve this habeas proceeding. Accordingly,

**IT IS ORDERED:**

(1) the R&R (Doc. 16) is **ADOPTED.**

(2) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART** and **DENIED IN PART** as discussed in the R&R.

(3) Petitioner's request for immediate release is **DENIED**.

(4) Respondent must provide Petitioner a bond hearing within **seven (7) days** of the date this Order is filed.

(5) Respondent must provide a notice of compliance within **three (3) days** of providing Petitioner a bond hearing.

(6) Petitioner's Motion to Appoint Counsel (Doc. 17) is **DENIED** and the Clerk of Court shall enter judgment in Petitioner's favor and close this case.

Dated this 19th day of November, 2026.

Honorable Scott H. Rash
United States District Judge